UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYTOLOGIX CORPORATION,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>VENTANA MEDICAL SYSTEMS, INC.,  )<br>Defendant.  )<br>  ) | CIVIL ACTION NO. 04-CV-11783-NG |

### DEFENDANT'S MOTION TO TRANSFER
### PURSUANT TO LOCAL RULES 40.1(G)&(I)

Pursuant to Local Rules 40.1(G) and 40.1(I), defendant Ventana Medical Systems, Inc. ("Ventana") hereby moves that this case be transferred to District Judge Zobel's session as a related case, L.R. 40.1(G), or, in the alternative, to further the efficient performance of the business of the Court, L.R.40.1(I). In support of its motion, Ventana states as follows:

**Procedural Background**

1.     Plaintiff CytoLogix Corporation filed the above-captioned patent infringement action against Ventana on August 15, 2004, in the United States District Court for the District of Delaware (the "Delaware Court"). Plaintiff claims that Ventana's BenchMark XT slide preparation system infringes CytoLogix's United States Patent No. 6,541,261 B1 entitled "Method Using a Slide Stainer With Independent Slide Heating Regulation" ("the '261 patent"). The '261 patent generally concerns "individual slide heating" technology. Ventana denies any infringement whatsoever.

2.     On July 2, 2004, the Delaware Court entered a Stipulated Order transferring this action to the United States District Court for the District of Massachusetts. The case was assigned to District

Judge Gertner's session.

## Related Cases Under Local Rule 40.1(G)

3.      Local Rule 40.1(G)(3) states that "[t]he clerk <u>shall</u> <u>assign</u> related cases to the same judge without regard to the number of other cases in that category previously assigned to that judge." (Emphasis added.) The Rule defines a related case as follows:

> For purposes of this rule, a civil case is related to one previously filed in this court if <u>some or all of the parties are the same</u> and if one or more of the following similarities exist also: <u>the cases involve the same or similar claims or defenses</u>; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or <u>the cases involve substantially the same questions of fact and law</u>.

Local Rule 40.1(G)(1) (emphasis added.)

4.      There are two civil actions presently pending in the District of Massachusetts before District Judge Zobel, *CytoLogix Corporation v. Ventana Medical Systems, Inc.*, Civil Action Nos. 00-12231-RWZ & 01-10178-RWZ (D. Mass.) (collectively referred to as the "Pending RWZ Actions").[1] The pending RWZ Actions involve identical parties, similar claims, and substantially the same questions of fact and law as in the present action.

5.      More specifically, in the Pending RWZ Actions, CytoLogix claimed, among other things, that Ventana's "Benchmark" and "Discovery Instruments" slide preparation systems infringed CytoLogix's United States Letters Patent No. 6,183,693 entitled "Random Access Slide Stainer With Independent Slide Heating Regulation" ("the '693 patent"). For eighteen days in November and

---

[1] These cases have been consolidated for pretrial purposes and claims from the two cases have been tried together.

2

December of 2003, District Judge Zobel tried before a jury the patent liability and other issues. The parties have appealed the jury's verdict to the Federal Circuit, and that appeal is pending. The patent damages issues were bifurcated and are still pending before District Judge Zobel.

6.  Both the Pending RWZ Actions and the present case concern the same basic issue, *viz.*, whether Ventana's slide preparations systems infringe CytoLogix's patents. The Pending RWZ Actions and the present case both involve slide staining products offered by Ventana. The cases also involve closely related patents; indeed, the patent at issue in the present action and the '693 patent at issue in the Pending RWZ Actions share essentially identical specifications, have identical inventors, and have a parent-child relationship before the Patent office. Moreover, in order to adjudicate properly core issues such as claim construction, both cases require the examination of the same specifications and the same prosecution histories (*i.e.*, due to the patents' genealogical relationship, the '693 patent prosecution history is considered part of the '261 prosecution history).

7.  Because the present action and the Pending RWZ Actions have identical parties, and, as described above, similar claims, and substantially the same questions of fact and law, they are "related cases" under Local Rule 40.1(G). See *Bailey v. Dart Container Corporation of Michigan*, 980 F. Supp. 584, 591 (D. Mass. 1997) ("The clear import of the language of [the local rule concerning related cases] is that a case is related to a previously filed case where it involves the same patent and 'some or all of the parties are the same.'"); *Town of Norfolk v. United States EPA*, 761 F. Supp. 867, 872-73 (D. Mass. 1991) (action concerning residual landfill from the Boston Harbor cleanup assigned to District Judge Mazzone as a related case based on the court's previous involvement in the Boston Harbor case). According to the mandatory language of the Rule, the two

3

cases must be assigned to the same District Judge – in this case, District Judge Zobel – who presides over the earlier-filed action and possesses familiarity with the technology at issue.

8. Local Rule 40.1(G) is an independent basis for transfer of this action to District Judge Zobel.

### Efficient Performance of the Business of the Court Under Local Rule 40.1(I)

9. In the alternative, the present case should be transferred to District Judge Zobel by authority of Local Rule 40.1(I).

10. Pursuant to Local Rule 40.1(I), "[i]n the interest of justice or <u>to further the efficient performance of the business of the court</u>, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the Chief Judge, or, with respect to civil cases only, <u>may transfer the case to another judge, if the other judge consents to transfer</u>." (Emphasis added.)

11. Transfer of the present case to District Judge Zobel would further the efficient performance of the business of the court. In particular, it would prevent the need for more than one District Judge to expend resources in studying and understanding the technology that is set forth in the common specification and figures of the '261 and '693 patents. District Judge Zobel has already tackled the steep learning curve necessary to understand such technology and to adjudicate issues such as claim construction (which in all cases necessitates examination of the same specification as well as the '693 patent prosecution history). The continued assignment of this action to this session would result in substantial, unnecessary duplication of District Judge Zobel's prior effort.

12. Local Rule 40.1(I) is an independent basis for transfer of this action to District Judge

4

Zobel.

13. Counsel for the plaintiff has represented to counsel for the defendant that plaintiff has no preference as to which session this case is assigned.

WHEREFORE, Ventana Medical Systems, Inc., respectfully requests that this Court enter an Order transferring the above-captioned matter to District Judge Zobel's session.

VENTANA MEDICAL SYSTEMS, INC.
By its attorneys,

/s/ Michael S. D'Orsi
Peter E. Gelhaar, Esq. (BBO #188310)
Michael S. D'Orsi, Esq. (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon St., 33rd Floor
Boston, MA 02108

Dated: September 8, 2004