UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CYTOLOGIX CORPORATION,

    Plaintiff,

v.

VENTANA MEDICAL SYSTEMS, INC.,

    Defendant.

CIVIL ACTION NO. 04-CV-11783-RWZ

**STIPULATED PROTECTIVE ORDER**

CytoLogix Corporation ("CytoLogix") and Ventana Medical Systems, Inc. ("Ventana"), each asserts that it possesses information relating to the subject matter of this action which is confidential. Both parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain of its confidential information, but each wishes to ensure such information shall not be used for any purpose other than as agreed in this Order, and shall not be made public or be otherwise disseminated, beyond the extent necessary for the purposes agreed in this Order.

Accordingly, the following procedure shall be adopted for the protection of confidential and proprietary information:

**DEFINITIONS**

1.    CONFIDENTIAL INFORMATION means any document or thing designated by a party in good faith as confidential because it contains or is a trade secret or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the

Federal Rules of Civil Procedure. A party receiving information designated as confidential retains the right to challenge or object to the confidential designation at any time.

## DESIGNATION OF INFORMATION

2.      It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection the inspecting party will designate documents to be copied. In order to protect any CONFIDENTIAL INFORMATION contained in the files produced for inspection, all documents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION. When the inspecting party designates the documents it wishes copied, the producing party will mark appropriate documents as CONFIDENTIAL INFORMATION according to paragraph 3 and then provide copies of the designated documents to the inspecting party.

3.      Any CONFIDENTIAL INFORMATION which a party wishes to be made subject to this Protective Order shall be marked "(VENTANA or CYTOLOGIX) CONFIDENTIAL INFORMATION" or similar designation at the time it is turned over to the receiving party. All copies made of such document or thing or document or thing created (e.g., any abstract, summary, memorandum or exhibit) containing information designated pursuant to this Order shall bear on its face the legend "(VENTANA or CYTOLOGIX) CONFIDENTIAL INFORMATION" or a similar legend.

4.      If, during the course of discovery in this action, a party hereto, or its representative, is authorized to inspect the other party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party to be RESTRICTED CONFIDENTIAL INFORMATION and shall be treated as such.

5.  Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a)  At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION.  Such request shall be made on the record whenever possible, but any party may designate additional portions of the transcript as containing CONFIDENTIAL INFORMATION after transcription as in the case of any other document or tangible thing, provided that written notice of document or tangible thing, provided that written notice of such designation is promptly given to the other party within one week of the receipt of the transcript.  Following such notice, the parties shall confer as to the most convenient way to segregate the additional designated portions of the transcript.  The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraphs 9(a), 9(b), 9(d), 9(e) and 10 hereof for a period of one week after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court and used in accordance with paragraph 6 in connection with this proceeding at any time.

(b)  The cover of any deposition transcript that contains CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 3.

(c)  When CONFIDENTIAL INFORMATION is discussed, quoted, or referred to in any deposition, the disclosing party shall take reasonable efforts to ensure that only persons qualified to have access are present.

6.  If any CONFIDENTIAL INFORMATION is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court, such documents and related materials shall be filed in a sealed envelope prominently

marked with the caption of this case, the identity of the party filing the envelope, and the notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES

## USE OF CONFIDENTIAL INFORMATION

7.  CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order, may be disclosed only as provided in paragraphs 8-10 and shall be used solely in the preparation, prosecution or trial of this action.

8.  CONFIDENTIAL INFORMATION may be disclosed (1) by the party who designated the item CONFIDENTIAL INFORMATION, or (2) to any person who, on the basis of the document containing CONFIDENTIAL INFORMATION, is reasonably and in good faith believed to be an author, sender, addressee or recipient of the document, or (3) to a person that the producing party designated, pursuant to Fed.R.Civ.P. 30(b)(6), to testify concerning the subject matter of the CONFIDENTIAL INFORMATION.

9.  CONFIDENTIAL INFORMATION may be disclosed to:

    (a)  Outside counsel of record for each party in this action.

    (b)  Clerical personnel, technical specialists and paralegal assistants regularly employed by counsel of record for each party in this action.

    (c)  The following designated employee of each party for the purpose of assisting counsel, upon each said employee executing an undertaking in the form attached as Exhibit A, acknowledging that he is familiar with the provisions of this Protective Order and will abide by them and a copy of said undertaking being provided to counsel for the opposing party:

        For Ventana:   Huw R. Jones, Esq.

                         Jeffrey N. Danis, Esq.

        For CytoLogix:  Dr. Steven A. Bogen.

    (d)    Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or for trial of this action.

    (e)    Outside copying, imaging, or document processing firms, jury consultants, and other litigation support providers retained by counsel.

10.    CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION, as defined in paragraph 11, infra, may also be disclosed to any expert employed to assist counsel of record in the preparation for trial or trial of this action under the following conditions:

    (a)    Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to such expert, such expert shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit A, acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.

    (b)    The party proposing such expert shall submit to the other party the executed written statement by facsimile and first class or overnight mail, together with a copy of the expert's curriculum vitae and a list of the entities for whom said expert has provided services during the past four (4) years and a disclosure of all known past or present business and/or personal connections or relationships with the party proposing the expert and with officers or employees of the party proposing the expert.

      (c)     The other party shall have the opportunity to object to the proposed expert. Unless the proposing party is notified of any objection to the expert within ten (10) business days after the submission of the executed written statement, such proposed expert shall thereafter be allowed to have access to CONFIDENTIAL INFORMATION pursuant to the terms and conditions of this Order.

      (d)     Should any party timely notify the proposing party of its objection to any such proposed expert, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of CONFIDENTIAL INFORMATION to such proposed expert unless and until the objection has been resolved between the parties or ruled on by the Court.

11.     RESTRICTED CONFIDENTIAL INFORMATION:

      (a)     In addition to the other provisions of this Protective Order, each party may designate, in good faith, information consisting of pending patent applications, and/or highly sensitive research, development, financial and marketing information as "RESTRICTED CONFIDENTIAL INFORMATION" by marking such document or thing "(VENTANA or CYTOLOGIX) RESTRICTED CONFIDENTIAL INFORMATION," or with a similar legend, at the time it is turned over to the receiving party. All items designated as RESTRICTED CONFIDENTIAL INFORMATION may be disclosed only to the persons identified in paragraphs 9(a), 9(b), 9(d), 9(e) and 10; provided, however, that RESTRICTED CONFIDENTIAL INFORMATION shall not be disclosed to attorneys or technical specialists who are involved in the preparation or prosecution (*i.e.*, preparation, drafting or filing of patent applications and related documents and communications), in the United States Patent and Trademark Office or in the patent office of any foreign country, of patent applications

6

concerning automated slide staining devices and, further provided, that attorneys and technical specialists who receive RESTRICTED CONFIDENTIAL INFORMATION, shall not, for a period of three (3) years following the final resolution, including all appeals, of this action, be involved in the preparation or prosecution, in the United States Patent and Trademark Office or in the patent office of any foreign country, of patent applications concerning automated slide staining devices.  All materials and information designated as RESTRICTED CONFIDENTIAL INFORMATION shall be treated in all other respects as CONFIDENTIAL INFORMATION. Nothing in this Order shall disqualify any attorney or technical specialist employed by the law firms that are counsel of record in this action, who did not receive RESTRICTED CONFIDENTIAL INFORMATION, from being involved in the preparation or prosecution, in the United States Patent and Trademark Office or in the patent office of any foreign country, of patent applications concerning automated slide staining devices.

      (b)    Notwithstanding the provisions of paragraph 11(a), RESTRICTED CONFIDENTIAL INFORMATION may be provided to Jeffrey N. Danis, Esq. under the following conditions:

      1.    At any time, Ventana may submit lists of documents or other information to CytoLogix to obtain CytoLogix's consent to provide access to Mr. Danis. CytoLogix shall respond to Ventana's requests within five (5) business days, and consent shall not to be unreasonably withheld.

      2.    If, at a deposition, counsel for Ventana intends to ask a witness questions about RESTRICTED CONFIDENTIAL INFORMATION, counsel for Ventana shall identify the materials as an exhibit prior to questioning, and consent shall not unreasonably withheld for Mr. Danis to attend and have access to those portions of the deposition record.

    3. For purposes of clarification, it is intended that Mr. Danis is presumptively permitted to attend the depositions of the named inventors of the patent-in-suit, and presumptively may have access to the following categories of materials designed RESTRICTED CONFIDENTIAL INFORMATION: (a) information dated prior to April 1, 2003 that relates to invention activities (*e.g.*, research, development, design, testing) with respect to subject matter disclosed or claimed in the patent-in-suit; and (b) information that relates to any comparison between the claims of the patent-in-suit and the accused products.  CytoLogix may withhold consent if it has a reasonable basis to believe that such materials concern CytoLogix's confidential information beyond that which relates to matters disclosed and/or claimed in the patent-in-suit.  By way of example, CytoLogix may withhold consent with respect to CytoLogix's financial information (*e.g.*, sales, revenues, costs, profits, margins), information relating to CytoLogix's sale of assets to DakoCytomation, and nonpublished pending patent application files.

## INFORMATION DESIGNATED IMPROPERLY

12. The restrictions set forth in any of the preceding paragraphs shall not apply to:

  (a) any information which at the time of disclosure is available to the public.

  (b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant.

  (c) any information that was lawfully in the possession of the receiving party prior to production and not subject to an obligation of confidentiality.

  (d) any information which the receiving party, its counsel or experts can show (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party,

(iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 15 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

13. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

14. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 12 shall rest on the party asserting the exceptions.

15. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as CONFIDENTIAL INFORMATION:

(a) the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL INFORMATION under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this

Order, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons; and

    (b) if a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that all copies of the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

  16. Promptly upon completion of this action, including all appeals, each party shall return or destroy all documents designated by the other party as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all documents and things containing information based on CONFIDENTIAL INFORMATION, except that outside counsel for each party may retain one copy of each document and thing designated by the other party as CONFIDENTIAL INFORMATION and one copy of each document and thing containing information based on CONFIDENTIAL INFORMATION for record purposes only.

## **OTHER**

  17. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of

documents or other discovery material, or relief from this Order with respect to particular material designated hereunder.

17. [sic — 18.] Nothing herein shall prevent disclosure if the party designating information as CONFIDENTIAL INFORMATION consents to such disclosure.

19. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, referring to or relying generally upon his examination of documents or information designated CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION provided, however that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the content of such information or documents contrary to the terms of this Protective Order.

20. The provisions of this Order shall also apply to documents, things, information and deposition testimony produced by third parties in discovery in this action. Said third parties shall designate their documents, things, information and deposition testimony in accordance with the provisions of this Order.

21. The obligations of this Order, to the extent applicable, shall survive the termination of this action and continue to bind the parties.

22. Each of the firms, parties and individuals named above, by executing a copy of this Order, undertakes to abide by and be bound by its provisions and to use reasonable and appropriate care to see that its provisions are known and adhered to by those under its supervision or control.

23. Any party may move for amendment, modification, or supplementation of this Protective Order.

24. The provisions of this Protective Order shall become effective upon execution by counsel for the parties.

Dated: March 28, 2005

CYTOLOGIX CORPORATION

/s/ Michael Zeliger /jyl

Michael E. Zeliger (BBO #633654)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070

VENTANA MEDICAL SYSTEMS, INC.

/s/

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Jeffrey N. Danis (BBO# 113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Oro Valley, Arizona 85737
(520) 229-3965

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
Peter R. Munson (*pro hac vice*)
Stefanie Valentini (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

**IT IS SO ORDERED:**

Dated: _____

_____
HON. RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTOLOGIX CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>   Defendant. | CIVIL ACTION NO. 04-CV-11783-RWZ |

_____, being sworn, deposes and says:

1. I have been requested by counsel for (Ventana Medical Systems, Inc. or CytoLogix Corporation) to assist counsel with certain material which I have been informed is Confidential Information within the terms of the Protective Order issued by the Court in the above-entitled action.

2. I have read the Protective Order dated _____, entered in this action and I agree not to disclose any information designated as Confidential Information and not to use such information other than in assisting counsel for _____.  I hereby agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for enforcement of the undertakings I have made here.

Signed: _____

Subscribed and sworn to before me this \_\_\_ day of \_\_\_\_\_ 2005.

_____
Notary Public