UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYTOLOGIX CORPORATION,

Plaintiff,

v.                                                          04-11783 (RWZ)

VENTANA MEDICAL SYSTEMS, INC.,

Defendant.

**JOINT STATEMENT PURSUANT TO FRCP 26(f) AND LOCAL RULE 16.1(d)**

In accordance with Local Rule 16.1(d), plaintiff CytoLogix Corporation, Inc.

("CytoLogix") and defendant Ventana Medical Systems, Inc. ("Ventana") submit this joint

statement in preparation for a Scheduling Conference pursuant to Fed. R. Civ. P. 16(a) and Local

Rule 16.1(a), scheduled for December 1, 2005. This statement is based upon the conference of

counsel that was held on November 23, 2005, pursuant to Fed. R. Civ. P. 26(f) and Local Rule

16.1(b) regarding an agenda for matters to be discussed at the scheduling conference and a

proposed pretrial schedule for the case.

**I.      Summary of Discovery Conducted to Date**

The parties have served their Initial Disclosures pursuant to Local Rule 26.2(A). The

parties have served written discovery, including interrogatories and document requests.

CytoLogix has taken two depositions.

**II.     Proposed Discovery and Motion Plan**

     **A.      Scope of Discovery**

Additional discovery may be needed on the subjects of the patent-in-suit, infringement,

willful infringement, validity, claim interpretation, and damages. The parties wish to conduct

1

remaining discovery in two phases.  The first phase of discovery concerns the issue of liability

and willfulness, and discovery shall be limited to issues relevant thereto.  Following a trial on the

issue of liability, a second phase of discovery (if necessary) will concern the issue of damages,

and discovery shall be limited to issues relevant thereto.

The documents produced, filed, or served in the matter of *CytoLogix Corp. v. Ventana

Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178, shall be deemed produced in the present

litigation.  If either party no longer has access to or is missing documents from that case, the

parties will work together in good faith to exchange copies.  The parties reserve their objections

as to those documents, including as to relevance and admissibility.  Documents previously

designated "confidential" will be subject to the protective order to be entered in this case, and

until a protective order is entered, access to such documents will be limited to outside counsel of

record.

The parties have agreed that the presumptive discovery limits set forth in the Federal

Rules of Civil Procedure and the Local Rules shall apply.

The parties have also agreed that the schedule in this case shall proceed independently of

*CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178.  Neither party

shall seek to delay, stay, or otherwise impede the progress of this case based on events or

scheduling in *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178,

absent agreement of the other party.  The parties shall not seek to stay or delay discovery or trial

in this case pending any additional trials in *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case

Nos. 00-12231 & 01-10178 or any appeal in that case to the Court of Appeals for the Federal

Circuit.

B. **Reply Briefs**

The parties have mutually consented to reply briefs on all motions, provided the Court so allows. Reply briefs shall be filed within ten (10) days after service of the opposition motion to which it responds.

C. **Scheduling**

The parties have not reached agreement as to certain scheduling issues. Their respective positions are set forth as follows:

1. **Plaintiff's Proposal**

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline for joining additional parties and amending pleadings | December 28, 2005 |
| Fact discovery cutoff | February 3, 2006 |
| Deadline for the parties to identify trial experts for issues on which they bear the burden of proof and to serve the written reports for each such expert | February 17, 2006 |
| Deadline for the parties to identify any rebuttal experts and to serve the written reports for each such rebuttal expert | March 17, 2006 |
| Deadline for completing expert discovery | April 3, 2006 |
| Deadline for filing non-dispositive motions | April 14, 2006 |
| Target trial commencement date | July 3, 2006 |

Plaintiff believes that this schedule is appropriate, given that discovery commenced in this case well over one year ago. Moreover, the parties originally contemplated and agreed upon a proposed schedule that would have prepared the case for trial in as little as one year. *See* Exhibit C. Lastly, Plaintiff's pending motion for summary judgment should resolve any

3

outstanding Markman issues quickly, so that claim construction will not be an impediment to

expert reports and discovery.

### 2.    Defendant's Proposal

| EVENT | PROPOSED DEADLINE |
|---|---|
| Markman opening briefs | January 27, 2006 |
| Markman response briefs | February 24, 2006 |
| Markman hearing | The parties request a hearing before March 24, 2006 |
| Deadline for joining additional parties and amending pleadings | April 14, 2006 or two weeks after the Markman ruling, whichever is later |
| Fact discovery cutoff | May 26, 2006 or two months after the Court's ruling on Markman issues, whichever is later |
| Deadline for the parties to identify trial experts for issues on which they bear the burden of proof and to serve the written reports for each such expert | June 23, 2006 or one month after the close of fact discovery, whichever is later |
| Deadline for the parties to identify any rebuttal experts and to serve the written reports for each such rebuttal expert | July 21, 2006 or one month after initial expert reports, whichever is later |
| Deadline for completing expert discovery | August 18, 2006 or one month after rebuttal expert reports, whichever is later |
| Deadline for filing non-dispositive motions | September 15, 2006 or one month after the close of expert discovery, whichever is later |

Defendant proposes that a trial date be selected at a Scheduling Conference to take place

following issuance of the Court's Markman ruling.

Defendant believes that its proposal is consistent with the spirit of the agreement already reached by the parties regarding the schedule for this case, which provided for an early Markman hearing and subsequent discovery deadlines in regular intervals following Markman proceedings. *See* Exhibit C.  Scheduling fact and expert discovery to follow the Court's Markman ruling can avoid the confusion that would be caused by experts who lack a definitive claim construction upon which to base their opinions.  *See CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005).

### D.    <u>Dispositive Motions</u>

CytoLogix has moved for summary judgment of infringement.  The parties disagree about the schedule for remaining briefing on this motion.

<u>CytoLogix' Position</u>:  CytoLogix's combined motion for claim construction and summary judgment presents a narrow issue for the Court, i.e. whether CytoLogix's new patent covers Ventana's attempted design around.  This issue collapses into a single claim construction dispute.  The information necessary to reply to the motion is wholly in Ventana's control, namely, the patent, file history, cited art and accused devices.  Moreover, this motion marks a pivot point not just for this civil action, but for all of the outstanding disputes between the parties.  In CytoLogix's view, summary judgment of infringement would cause sufficient pressure, and bring sufficient clarity to foster a global settlement.  Accordingly, CytoLogix requests that Ventana reply to this motion by December 21, 2005.  CytoLogix would then have until January 18, 2006 to submit a reply brief.

<u>Ventana's Position</u>:  Ventana should be given an opportunity to take the depositions of the three named inventors of the patent-in-suit prior to responding to the summary judgment motion.  Such discovery is relevant to the claim construction issues that underlie the motion.

Accordingly, Ventana requests that its response to the motion be due four weeks following completion of the inventor depositions.

Prior to the time CytoLogix filed motion, Ventana had already requested the inventor depositions. The parties were in the process of identifying potential deposition dates. The Federal Circuit has explained that inventor testimony "may be helpful to explain scientific principles [and] the meaning of technical terms" in order to "aid the court in the construction of the patent." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Furthermore, CytoLogix's motion (pp. 11-12) prominently relies upon statements made in an Interview Summary. Prior to filing its response, Ventana should be provided the opportunity to question the inventor who attended and participated in that interview.

**III.    Discovery Limitations**

The parties agree to the limitations on discovery set forth in Local Rule 26.1(c) except that the parties agree to increase: (1) the number of depositions for each side to 10 fact depositions and an appropriate number of expert depositions to be determined; and (2) the number of separate sets of requests for production to three such sets. This initial proposed modification of the rules shall be without prejudice to any party's subsequent application for leave to take additional fact depositions.

**IV.    Trial by Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

**V.    Settlement**

Plaintiff has provided a written settlement proposal to Ventana.

**VI.    Stipulated Protective Order**

The parties have negotiated and submitted a stipulated protective order [Docket No. 34].

**VII.    Certifications**

Plaintiff's certification pursuant to Local Rule 16.1(d)(3) is attached hereto as Exhibit A.

Ventana's certification is attached as Exhibit B.

Dated: November 28, 2005

**CytoLogix Corporation**

By their Attorneys,


Michael E. Zeliger (BBO #633654)
Janet Lee (*pro hac vice*)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
(617) 542-5070

**Ventana Medical Systems, Inc.**

By their Attorneys,


Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
(617) 720-2880

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300

Jeffrey N. Danis (BBO# 113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Oro Valley, Arizona 85737
(520) 229-3965

*Attorneys for Plaintiff*
*CytoLogix Corporation*

*Attorneys for Defendant*
*Ventana Medical Systems, Inc.*