**Chin, Roger**

---

| | |
|---|---|
| **From:** | Chin, Roger |
| **Sent:** | Tuesday, June 29, 2004 12:43 PM |
| **To:** | Richard Morse (E-mail) |
| **Cc:** | 'Zeliger@fr.com' |
| **Subject:** | FW: CytoLogix v. Ventana |

**Attachments:**     Agreed Form.doc



Agreed Form.doc
(40 KB)

       Rich:  We have agreed with counsel for CytoLogix that the parties will stipulate to the transfer of this case to the District of Massachusetts.  Tim Devlin at F&R is out, but Mike Zeliger will identify who you can get in touch with at F&R to get this stipulation filed.  I am copying Mike on this e-mail.

Note that we should file the stipulation by Thursday, which otherwise was our due date for the reply brief.

Mike:  This e-mail will confirm our agreement that the parties will file a Joint Report after the case is transferred to Massachusetts, in substantially the form as the attached.

Regards,
Roger.

_____
Roger J. Chin
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California  94304
650.320.4760 tel
650.565.5100 fax

-----Original Message-----
From: Michael Zeliger [mailto:Zeliger@fr.com]
Sent: Tuesday, June 29, 2004 11:12 AM
To: Chin, Roger
Cc: David Simons
Subject: CytoLogix v. Ventana


Roger,

I hope this does it.  Please call.

Regards,

Mike

 <<Agreed Form.doc>>

Michael E. Zeliger

Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel: 617-956-5925
Fax: 617-542-8906
email: zeliger@fr.com
http://www.fr.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CYTOLOGIX CORPORATION,

        Plaintiff,

  v.

VENTANA MEDICAL SYSTEMS, INC.,

        Defendant.

CIVIL ACTION NO. _____

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D), the parties hereby submit the following joint statement:

1.    <u>Background of the Case</u>.

This patent case was transferred from the United States District Court for the District of Delaware.  Plaintiff asserts that defendant infringes U.S. Patent No. 6,541,261 B1.  Defendant denies infringement and asserts that the patent-in-suit is invalid.

2.    <u>Discovery Subjects and Procedures</u>.

Discovery may be needed on the subjects of the patent-in-suit, infringement, willful infringement, validity, claim interpretation, and damages.  The parties have agreed to conduct discovery in two phases.  The first phase of discovery will concern the issue of liability and willfulness, and discovery shall be limited to issues relevant thereto.  Following a trial on the issue of liability, a second phase of discovery (if necessary) will concern the issue of damages, and discovery shall be limited to issues relevant thereto.

The documents produced, filed, or served in the matter of *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178, shall be deemed produced in the present litigation.  If either party no longer has access to or is missing documents from that case, the parties will work together in good faith to exchange copies.  The parties reserve their objections as to those documents, including as to relevance and admissibility.  Documents previously designated "confidential" will be subject to the protective order to be entered in this case, and until a protective order is entered, access to such documents will be limited to outside counsel of record.

The parties have agreed that the presumptive discovery limits set forth in the Federal Rules of Civil Procedure and the Local Rules shall apply.

3. <u>Scheduling</u>.

The parties have agreed that the schedule in this case shall proceed independently of *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178.  Neither party shall seek to delay, stay, or otherwise impede the progress of this case based on events or scheduling in *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178, absent agreement of the other party.  The parties shall not seek to stay or delay discovery or trial in this case pending any additional trials in *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, Case Nos. 00-12231 & 01-10178 or any appeal in that case to the Court of Appeals for the Federal Circuit.

The parties have reached agreement on a schedule for the timing of certain discovery and other matters, as set forth in the following table.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Inspection of Accused Product(s), including the Benchmark XT and | _____, 2004 (three weeks after transfer) |

| EVENT | PROPOSED DEADLINE |
|---|---|
| its operator's manual. | |
| Identification of asserted claims | _____, 2004 (two weeks after inspection of Benchmark XT and its operator's manual) |
| Identification of disputed terms | _____, 2004 (four weeks after inspection) |
| Markman opening briefs | _____, 2004 (one month after identification of disputed terms) |
| Markman response briefs | _____, 2004 (one month after opening briefs) |
| Markman Hearing | The parties request a hearing before _____, 200_ (one month after the close of Markman briefing) |
| Motions to amend pleadings | _____, 200_ (two weeks after the Markman hearing) |
| Close of fact discovery (liability) | _____, 200_ (two months after the Court's ruling on Markman issues) |
| Initial expert reports (liability) | _____, 200_, (one month after the close of discovery) |
| Rebuttal expert reports (liability) | _____, 200_ (one month after initial expert reports) |
| Close of expert discovery (liability) | _____, 200_ (one month after rebuttal expert reports) |
| Last date for filing dispositive motions (liability) | _____, 200_ (one month after the close of expert discovery) |

The parties may optionally move for summary judgment at a time prior to the last date for filing dispositive motions, such as simultaneously with Markman briefing or as otherwise may be appropriate.

4.      <u>Court Orders</u>.

The parties will request that the Court enter a protective order pursuant to Rule 26(c).

The parties will attempt to agree upon the text of a proposed order for submission to the Court.

The parties do not consent to trial by magistrate judge.

5.      <u>Additional Information</u>.

The parties mutually consent to reply briefs on all motions, provided the Court so allows.

All motions for leave to reply shall be assented-to motions, and no further conference pursuant to

Local Rule 7.1 shall be required before filing a motion for leave to reply.  Reply briefs shall be

filed within ten (10) days after service of the opposition motion to which it responds.

6.      <u>Certifications Pursuant to Local Rule 16.1(D)(3)</u>.

Plaintiff's certification is attached hereto as Exhibit A.  Defendant's certification is

attached hereto as Exhibit B.


Dated:  _____

Respectfully submitted,


_____          _____

Attorneys for Plaintiff                                        Attorneys for Defendant
CYTOLOGIX CORPORATION                          VENTANA MEDICAL SYSTEMS, INC.