# EXHIBIT 7

| Interview Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/688,619 | BOGEN ET AL. |
| | Examiner | Art Unit |
| | Jeffrey R. Snay | 1743 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Jeffrey R. Snay*.                                    (3) *Steven Bogen, co-Applicant*.

(2) *James Smith, for Applicant*.                 (4) _____.

Date of Interview: *12 September 2002*.

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal [copy given to: 1)☐ applicant   2)☒ applicant's representative]

Exhibit shown or demonstration conducted:   d)☒ Yes   e)☐ No.  *general display of prior manual staining techniques*.
If Yes, brief description: _____.

Claim(s) discussed: _____.

Identification of prior art discussed: _____.

Agreement with respect to the claims  f)☐ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *See below* ✱

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

   i)☐ It is not necessary for applicant to provide a separate record of the substance of the interview (if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

✱ *Applicant asserted combination of automated staining w/ automated individual & independent slide Temp. control was non-obvious. Exmr. indicated such combination was not presently claimed. Applicant's assertion that separate & distinct Temp. controls, i.e. heating to different temperature, in the primary '114 reference would not have been considered purposeful nor desired in the environment of that disclosure would be considered as 2° evidence of non-obviousness when filed.*

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.                Examiner's Signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03-98)                              Interview Summary                                    Paper No. 9.