IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTOLOGIX CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 04-11783 (RWZ) |

**ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendant Ventana Medical Systems, Inc. ("Ventana"), for its answer to the First Amended Complaint, avers as follows:

1. Is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2. Admits that it is a corporation organized and existing under the laws of the State of Delaware, and that it has a place of business in Tucson, Arizona; but denies the remaining averments of paragraph 2.

3. Admits the averments of paragraph 3.

4. Admits the averments of paragraph 4.

5. Admits the averments of paragraph 5.

6. In response to paragraph 6, incorporates paragraphs 1-5 above.

7. Admits that CytoLogix Corporation ("CytoLogix") is identified as the named assignee of U.S. Patent No. 6,541,261 B1 ("the '261 patent"), that the '261 patent is entitled

"Method using a slide stainer with independent slide heating regulation," that the '261 patent was issued by the United States Patent and Trademark Office on April 1, 2003, that Steven A. Bogen is identified as one of the named inventors of the '261 patent, and that a copy of the '261 patent is attached as Exhibit A to the First Amended Complaint; but denies the remaining averments of paragraph 7.

8. Denies the averments of paragraph 8.

9. Denies the averments of paragraph 9.

10. In response to paragraph 10, incorporates paragraphs 1-5 above.

11. Admits that CytoLogix is identified as the named assignee of U.S. Patent No. 6,783,733 B2 ("the '733 patent"), that the '733 patent is entitled "Random access slide stainer with independent slide heating regulation," that the '733 patent was issued by the United States Patent and Trademark Office on August 31, 2004, that Steven A. Bogen is identified as one of the named inventors of the '733 patent, and that a copy of the '733 patent is attached as Exhibit B to the First Amended Complaint; but denies the remaining averments of paragraph 11.

12. Denies the averments of paragraph 12.

13. Denies the averments of paragraph 13.

## DEFENSES

14. The '261 and '733 patents are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102 , 103 and 112.

15. The '261 and '733 patents are invalid for double patenting.

16. Ventana is not infringing, inducing infringement of, or contributing to infringement of the '261 or '733 patents.

17.     By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the '261 and '733 patents, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '261 and '733 patents, CytoLogix is estopped from construing the claims of the '261 and '733 patents to cover and/or include any acts of Ventana.

18.     Ventana's products and services are so far changed in principle from that disclosed in the '261 and '733 patents, and are so substantially different in structure, function, operation and result from that disclosed in the '261 and '733 patents, that they function in a substantially different way from, and are substantially different than, the '261 and '733 patents.

19.     Upon information and belief, CytoLogix lacks standing to bring suit for infringement of the '261 and '733 patents.

20.     Upon information and belief, CytoLogix has failed to join a necessary and indispensable party.

21.     Upon information and belief, CytoLogix's claims are limited and/or barred in part by 35 U.S.C. § 287.

## COUNTERCLAIM

For its Counterclaim, Ventana avers as follows:

22.     This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties hereto. Subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).

23.     CytoLogix claims to be the owner of the '261 and '733 patents.

24.     CytoLogix has alleged that Ventana infringes the '261 and '733 patents by making, using, selling and/or offering to sell its BenchMark® XT slide preparation system, and has alleged that the '261 and '733 patents may be validity enforced against Ventana.

25.     The '261 and '733 patents are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

26.     The '261 and '733 patents are invalid for double patenting.

27.     Ventana does not infringe the '261 or '733 patents.

28.     An actual and justiciable controversy exists between Ventana and CytoLogix with respect to validity and infringement of the '261 and '733 patents.

## PRAYER FOR RELIEF

WHEREFORE, Ventana prays for a judgment that:

A.      Dismisses the First Amended Complaint with prejudice;

B.      Declares that the '261 and '733 patents are invalid;

C.      Declares that Ventana does not infringe the '261 or '733 patents;

D.      Awards Ventana its costs and attorneys' fees; and

E.      Awards Ventana such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Ventana hereby demands a trial by jury on all issues so triable.

Dated: February 28, 2006                                VENTANA MEDICAL SYSTEMS, INC.

By its attorneys,


   /s/ Roger J. Chin

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
(617) 720-2880

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Jeffrey N. Danis (BBO# 113880)
VENTANA MEDICAL SYSTEMS, INC.
1910 Innovation Park Drive
Tucson, Arizona 85737
(520) 229-3965