

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

TN

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/688,619 | 10/16/00 | BOGEN | S | 1159.1006-00 |

IM22/0910

JAMES M. SMITH, ESQ
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
TWO MILITIA DRIVE
LEXINGTON MA 02421-4799

| EXAMINER |  |
|---|---|
| SNAY, J |  |
| ART UNIT | PAPER NUMBER |
| 1743 | 3 |

DATE MAILED:
09/10/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                                                    1- File Copy

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/688,619 | BOGEN ET AL. |
| | Examiner | Art Unit |
| | Jeffrey R. Snay | 1743 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-4</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-4</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All  b) ☐ Some * c) ☐ None of:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>2</u>.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)  Office Action Summary  Part of Paper No. 3

Application/Control Number: 09/688,619 Page 2
Art Unit: 1743

1. The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

2. Claims 1-4 are rejected under 35 U.S.C. 112, first paragraph, as based on a disclosure which is not enabling. Steps considered critical or essential to the practice of the invention, but not included in the claim(s) is not enabled by the disclosure. See *In re Mayhew*, 527 F.2d 1229, 188 USPQ 356 (CCPA 1976). Specifically, the instant claims are directed to a "method for staining biologic samples" but fail to recite any steps by which such staining would be accomplished. Therefore, the claims lack recitation of steps which would be critical for performing the stated result.

3. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

4. Claims 1-4 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1, line 7, the term "one" is without meaning in the context of the claim. It appears applicant may have intended the word "on".

5. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

Application/Control Number: 09/688,619 Page 3
Art Unit: 1743

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6. The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

7. Claims 1-4 are rejected under 35 U.S.C. 103(a) as being unpatentable over Bogen et al (5,645,114) in view of Muller et al (5,273,905) or Potter et al (5,819,842). Bogen et al disclose a method comprising heating samples on slides substantially as claimed. The method comprises providing a moving platform 510 for supporting a plurality of microscope slides bearing samples, and providing a plurality of heating elements 512z-512e positioned on the platform for heating the samples. Bogen et al fail to recite each of the heating elements having the capability of heating to different temperatures.

Muller et al teach a sample slide processing system having a plurality of heating elements, each of which has the capability of heating to different temperatures (column 17, line 37 to column 18, line 37, and column 29, lines 30-36). Such independent temperature control of heaters would have provided an improved slide analyzing system that can be operated and practiced so as to carry out a given multi-step slide processing

Application/Control Number: 09/688,619 Page 4
Art Unit: 1743

sequence in a replicable manner (column 2, lines 22-66). Likewise, Potter et al teach an apparatus for temperature control of multiple samples, wherein the temperature of each sample is controlled independently by an individual heating element and temperature sensor 22 (figure 2), in order to greatly facilitate multi-user applications.

Therefore, it would have been obvious to one of ordinary skill in the art to provide the method of Bogen et al with independently controlled heaters, as taught by Muller et al or Potter et al, in order to provide an improved slide analyzing system and method that can be operated so as to carry out a given multi-step slide processing sequence in a replicable manner and to facilitate multi-user applications.

8. Claims 1-4 are alternatively rejected under 35 U.S.C. 103(a) as being unpatentable over Muraishi (5,154,889) in view of Muller et al or Potter et al.

Muraishi discloses an automatic device and method for incubating samples substantially as claimed. The method comprises providing a platform for supporting a plurality of samples, a plurality of heaters 71 positioned on the platform for providing heat to the samples (figures 1 and 6, and column 6, lines 32-48). The moving platform is taught by Muraishi at figure 10 and 11. Muraishi fails to specifically recite each to the heating elements having the capability of heating to different temperatures.

Muller et al teach a sample slide processing system having a plurality of heating elements, each of which has the capability of heating to different temperatures (column 17, line 37 to column 18, line 37, and column 29, lines 30-36). Such independent temperature control of heaters would have provided an improved slide analyzing system

Application/Control Number: 09/688,619                                                    Page 5
Art Unit: 1743

that can be operated and practiced so as to carry out a given multi-step slide processing sequence in a replicable manner (column 2, lines 22-66). Likewise, Potter et al teach an apparatus for temperature control of multiple samples, wherein the temperature of each sample is controlled independently by an individual heating element and temperature sensor 22 (figure 2), in order to greatly facilitate multi-user applications.

Therefore, it would have been obvious to one of ordinary skill in the art to provide the method of Muraishi with independently controlled heaters, as taught by Muller et al or Potter et al, in order to provide an improved slide analyzing system and method that can be operated so as to carry out a given multi-step slide processing sequence in a replicable manner and to facilitate multi-user applications.

9.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jeffrey R. Snay whose telephone number is (703) 308-4032. The examiner can normally be reached on Mon-Fri.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jill A. Warden can be reached on (703) 308-4037. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-7718 for regular communications and (703) 308-3599 for After Final communications.

Application/Control Number: 09/688,619                                    Page 6
Art Unit: 1743

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 306-5665.

Jeffrey R. Snay
Primary Examiner
Art Unit 1743

jrs
September 7, 2001