UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/688,619 | 10/16/2000 | Steven A. Bogen | 1159.1006-007 | 1797 |

21005    7590    03/27/2002

HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 VIRGINIA ROAD
P.O. BOX 9133
CONCORD, MA 01742-9133

| EXAMINER |
|---|
| SNAY, JEFFREY R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1743 | 5 |

DATE MAILED: 03/27/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/688,619 | BOGEN ET AL. |
| | Examiner | Art Unit |
| | Jeffrey R. Snay | 1743 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *10 January 2002* .

2a) ☒ This action is FINAL.   2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-3 and 5* is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-3 and 5* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

   If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a) ☐ All  b) ☐ Some * c) ☐ None of:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

   a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)         Office Action Summary         Part of Paper No. 5

Application/Control Number: 09/688,619                                                Page 2
Art Unit: 1743

1. The following is a quotation of the second paragraph of 35 U.S.C. 112:

   The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

2. Claims 2 and 3 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

   Each of claims 2 and 3 refer to a method for staining biologic samples as in claim 1, whereas claim 1 as amended recites a method of processing samples.

3. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

   (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. The factual inquiries set forth in Graham v. John Deere Co., 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under 35 U.S.C. 103(a) are summarized as follows:

   1. Determining the scope and contents of the prior art.
   2. Ascertaining the differences between the prior art and the claims at issue.
   3. Resolving the level of ordinary skill in the pertinent art.
   4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

5. Claims 1-3 and 5 are rejected under 35 U.S.C. 103(a) as being unpatentable over Bogen et al ('114) in view of Muller et al ('905) or Potter et al ('842), and further in view of Horne ('299).

Application/Control Number: 09/638,619 Page 3
Art Unit: 1743

The respective disclosures of Bogen et al, Muller et al and Potter et al are discussed in the previous Office action. The method of the prior art as detailed in the last Office action differs from the presently claimed method in that it fails to specify the temperature control being effected by communicating data from a computer located off the moving platform to electronic circuitry located on the platform. Bogen et al teach only that electricity for powering the heating elements is provided from the assembly base (which is located apart from the moving platform) via first and second contacts located on the moving platform (column 5, lines 53-57), and via a microprocessor (column 8, lines 1 et seq.). Horne discloses a sample slide processing apparatus which includes a rotating member supporting optical elements for performing analysis of a circular array of analysis slides. Horne is relied upon as evidence of particular electronic circuitry linkages and assemblies suitable for communicating a stationary computer controller to a rotating analysis member, including communicating control signals to circuitry located on the rotating member via slip contacts and//or flexible cables. See e.g. column 11, lines 40 et seq. It would have been obvious to one of ordinary skill in the art to provide the method of Bogen et al with known electrical circuitry links, as per the teaching of Horne, in order to enable the necessary control communications between an off rotor controller and the temperature controllers on the rotor. It is noted that even the wires and conductive heaters in Bogen et al would have constituted circuitry within the scope of the presently claimed term. Regarding instant claim 5, it is noted that Bogen disclose a number of conductors which is less than the number of heating elements in Figures 6 and 7.

Application/Control Number: 09/688,619 Page 4
Art Unit: 1743

6. Applicant's arguments with respect to claims 1-3 and 5 have been considered but are moot in view of the new ground(s) of rejection.

7. Applicant has stated in the response filed 01/10/02 that "in the actual implementation of the system disclosed in Bogen et al., the sets of heating elements were individually controlled, but control was directly from the stationary user interface computer." It is noted that to the extent that the wires and conductive elements present in the apparatus and method of Bogen et al would have constituted electronic circuitry, it is believed that the above-noted statement would amount to an admission that the presently claimed method was known. Applicant is requested to furnish additional information regarding this admission as to the actual implementation of the method taught by Bogen et al for further consideration as prior art against the present claims.

8. Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the

Application/Control Number: 09/688,619 Page 5
Art Unit: 1743

shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

9. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jeffrey R. Snay whose telephone number is (703) 308-4032. The examiner can normally be reached on Mon-Fri.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jill A. Warden can be reached on (703) 308-4037. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-7718 for regular communications and (703) 308-3599 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 306-5665.

Jeffrey R. Snay
Primary Examiner
Art Unit 1743

jrs
March 25, 2002