assistant examiner shall place his or her initials after his or her typed ** name. The primary examiner will place his or her signature in the appropriate box ** on the Issue Classification sheet so that the typed ** name can still be easily read. A primary examiner who prepares an application for issue types ** his or her name and signs the file wrapper *only* in the "Primary Examiner" box ** on the Issue Classification sheet. A line should be drawn through the "Assistant Examiner" box to make it clear that the absence of a name in the box was not an oversight.

Only the names of the primary examiner and the assistant examiner appearing on ** the Issue Classification Sheet will be listed in the printed patent.

## 1302.14   Reasons for Allowance [R-2]

*37 CFR 1.104.  Nature of examination.*

*****

> (e) *Reasons for allowance*. If the examiner believes that the record of the prosecution as a whole does not make clear his or her reasons for allowing a claim or claims, the examiner may set forth such reasoning. The reasons shall be incorporated into an Office action rejecting other claims of the application or patent under reexamination or be the subject of a separate communication to the applicant or patent owner. The applicant or patent owner may file a statement commenting on the reasons for allowance within such time as may be specified by the examiner. Failure by the examiner to respond to any statement commenting on reasons for allowance does not give rise to any implication.

**REASONS FOR ALLOWANCE**

One of the primary purposes of 37 CFR 1.104(e) is to improve the quality and reliability of issued patents by providing a complete file history which should clearly reflect, as much as is reasonably possible, the reasons why the application was allowed. Such information facilitates evaluation of the scope and strength of a patent by the patentee and the public and may help avoid or simplify litigation of a patent.

The practice of stating the reasons for allowance is not new, and the rule merely formalizes the examiner's existing authority to do so and provides applicants or patent owners an opportunity to comment upon any such statement of the examiner.

It should be noted that the setting forth of reasons for allowance is not mandatory on the examiner's part. However, in meeting the need for the application file history to speak for itself, it is incumbent upon the examiner in exercising his or her responsibility to the public, to see that the file history is as complete as is reasonably possible.

When an application is finally acted upon and allowed, the examiner is expected to determine, at the same time, whether the reasons why the application is being allowed are evident from the record.

Prior to allowance, the examiner may also specify allowable subject matter and provide reasons for indicating such allowable subject matter in an Office communication.

In determining whether reasons for allowance should be recorded, the primary consideration lies in the first sentence of 37 CFR 1.104(e) which states:

> If the examiner believes that the record of the prosecution *as a whole* does not make clear his or her reasons for allowing a claim or claims, the examiner may set forth such reasoning. (Emphasis added).

In most cases, the examiner's actions and the applicant's replies make evident the reasons for allowance, satisfying the "record as a whole" proviso of the rule. This is particularly true when applicant fully complies with 37 CFR 1.111 (b) and (c) and 37 CFR 1.133(b). Thus, where the examiner's actions clearly point out the reasons for rejection and the applicant's reply explicitly presents reasons why claims are patentable over the reference, the reasons for allowance are in all probability evident from the record and **no** statement should be necessary. Conversely, where the record is not explicit as to reasons, but allowance is in order, then a logical extension of 37 CFR 1.111 and 1.133 would dictate that the examiner should make reasons of record and such reasons should be specific.

Where specific reasons are recorded by the examiner, care must be taken to ensure that statements of reasons for allowance (or indication of allowable subject matter) are accurate, precise, and do not place unwarranted interpretations, whether broad or narrow, upon the claims. The examiner should keep in mind the possible misinterpretations of his or her statement that may be made and its possible * effects. Each statement should include at least (1) the major difference in the claims not found in the prior art of record, and (2) the reasons why that difference is considered to define patentably over the prior art if either of these reasons for allowance is not clear in the record. The statement is not intended to necessarily state all the reasons for allowance or all the details why claims are allowed and should not be written to specifically or

impliedly state that all the reasons for allowance are set forth. Where the examiner has a large number of reasons for allowing a claim, it may suffice to state only the major or important reasons, being careful to so couch the statement. For example, a statement might start: "The primary reason for the allowance of the claims is the inclusion of the limitation __ in all the claims which is not found in the prior art references," with further amplification as necessary.

Stock paragraphs with meaningless or uninformative statements of the reasons for the allowance should not be used. >It is improper to use a statement of reasons for allowance to attempt to narrow a claim by providing a special definition to a claim limitation which is argued by applicant, but not supported by a special definition in the description in cases where the ordinary meaning of the term in the prior art demonstrates that the claim remains unpatentable for the reasons of record, and where such claim narrowing is only tangential to patentability. Cf. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 741, 62 USPQ2d 1705, 1714 (2002).< The statement of reasons for allowance by the examiner is intended to provide information equivalent to that contained in a file in which the examiner's Office actions and the applicant's replies make evident the examiner's reasons for allowing claims.

Examiners are urged to carefully carry out their responsibilities to see that the application file contains a complete and accurate picture of the Office's consideration of the patentability of the application.

Under the rule, the examiner must make a judgment of the individual record to determine whether or not reasons for allowance should be set out in that record. These guidelines, then, are intended to aid the examiner in making that judgment. They comprise illustrative examples as to applicability and appropriate content. They are not intended to be exhaustive.

**EXAMPLES OF WHEN IT IS LIKELY THAT A STATEMENT SHOULD BE ADDED TO THE RECORD**

(A) Claims are allowed on the basis of one (or some) of a number of arguments and/or affidavits presented, and a statement is necessary to identify which of these were persuasive, for example:

(1) When the arguments are presented in an appeal brief.

(2) When the arguments are presented in an ordinary reply, with or without amendment of claims.

(3) When both an affidavit under 37 CFR 1.131 and arguments concerning rejections under 35 U.S.C. 102 and 103 are presented.

(B) First action issue:

(1) Of a noncontinuing application, wherein the claims are very close to the cited prior art and the differences have not been discussed elsewhere.

(2) Of a continuing application, wherein reasons for allowance are not apparent from the record in the parent case or clear from preliminary filed matters.

(C) Withdrawal of a rejection for reasons not suggested by applicant, for example:

(1) As a result of an appeal conference.

(2) When applicant's arguments have been misdirected or are not persuasive alone and the examiner comes to realize that a more cogent argument is available.

(3) When claims are amended to avoid a rejection under 35 U.S.C. 102, but arguments (if any) fail to address the question of obviousness.

(D) Allowance after remand from the Board of Patent Appeals and Interferences.

(E) Allowance coincident with the citation of newly found references that are very close to the claims, but claims are considered patentable thereover:

(1) When reference is found and cited (but not argued) by applicant.

(2) When reference is found and cited by examiner.

(F) Where the reasons for allowance *are* of record but, in the examiner's judgment, are unclear (e.g., spread throughout the file history) so that an unreasonable effort would be required to collect them.

(G) Allowance based on a claim interpretation which might not be readily apparent, for example:

(1) Article claims in which method limitations impart patentability.

(2) Method claims in which article limitations impart patentability.

(3) Claim is so drafted that "nonanalogous" art is not applicable.

(4) Preamble or functional language "breathes life" into claim.

(H) Allowance following decision by the United States Court of Appeals for the Federal Circuit or District Court of the District of Columbia.

The reasons for allowance should refer to and incorporate the briefs and the court decision.

>

(I) Where the claims are considered patentable over the X and/or Y references cited in a search report of a corresponding PCT application and the reasons for allowance are not apparent from the record.<

**EXAMPLES OF STATEMENTS OF SUITABLE CONTENT**

(A) The primary reason for allowance of the claims is the inclusion of .03 to .05 percent nickel in all of the claims. Applicant's second affidavit in example 5 shows unexpected results from this restricted range.

(B) During two telephonic interviews with applicant's attorney, Mr............. on 5/6 and 5/10/77, the examiner stated that applicant's remarks about the placement of the primary teaching's grid member were persuasive, but he pointed out that applicant did not claim the member as being within the reactor. Thus, an amendment doing such was agreed to.

(C) The * >claims in the< application * >are< deemed to be directed to an nonobvious improvement over the invention patented in Pat. No. 3,953,224. The **>claims comprise< baffle means 12 whose effective length in the extraction tower may be varied so as to optimize and to control the extraction process.

(D) Upon reconsideration, this application has been awarded the effective filing date of application number -/---. Thus the rejection under 35 U.S.C. 102(d) and 103 over Belgium Patent No. 757,246 is withdrawn.

(E) The specific limitation as to the pressure used during compression was agreed to during the telephone interview with applicants' attorney. During said interview, it was noted that applicants contended in their amendment that a process of the combined applied teachings could not result in a successful article within a particular pressure range (see page 3, bottom, of applicant's amendment). The examiner agreed and allowed the application after incorporating the pressure range into the claim.

(F) In the examiner's opinion, it would not have been obvious to a person of ordinary skill in the art first to eliminate one of top members 4, second to eliminate plate 3, third to attach remaining member 4 directly to tube 2 and finally to substitute this modified handle for the handle 20 of Nania (see Fig. 1) especially in view of applicant's use of term "consisting."

(G) The application is allowable for the reasons set forth on page -- of the decision of the Court of Appeals for the Federal Circuit, which is hereby incorporated by reference. As noted therein, and as argued on page -- of Appellant's brief, the claimed invention requires a one piece tubular member whereas the closest prior art requires a multiple piece assembly which does not teach or suggest the claimed invention.

**EXAMPLES OF STATEMENTS THAT ARE NOT SUITABLE AS TO CONTENT**

(A) The 3-roll press couple has an upper roll 36 which is swingably adjustable to vary the pressure selectively against either of the two lower rolls. (NOTE: The significance of this statement may not be clear if no further explanation is given.)

(B) The main reasons for allowance of these claims are applicant's remarks in the appeal brief and an agreement reached in the appeal conference.

(C) The instant composition is a precursor in the manufacture of melamine resins. A thorough search of the prior art did not bring forth any composition which corresponds to the instant composition. The examiner in the art also did not know of any art which could be used against the instant composition.

(D) Claims 1-6 have been allowed because they are believed to be both novel and nonobvious.

The examiner should *not* include in his or her statement any matter which does not relate directly to the reasons for allowance. For example:

(E) Claims 1 and 2 are allowed because they are patentable over the prior art. If applicants are aware of better art than that which has been cited, they are required to call such to the attention of the examiner.

(F) The reference Jones discloses and claims an invention similar to applicant's. However, a comparison of the claims, as set forth below, demonstrates the conclusion that the inventions are noninterfering.

Most instances when the examiner finds a need to place in the file a statement of the reasons for allowing a claim or claims will come at the time of allowance. In such cases, the examiner should (a) check the appropriate box on the form PTOL-37 and (b) attach thereto a paper containing the examiner's statement of reasons for allowance. Such a statement should be typewritten. The paper should identify the application number and be clearly labeled "Statement of Reasons for Allowance." It should also specify that comments may be filed by the applicant on the statement and should preferably be submitted with the payment of the issue fee so as not to delay processing of the application and in any event no later than payment of the issue fee.

Form paragraph 13.03 may be used for this purpose.
\*\*>

¶ *13.03 Reasons for Allowance*

The following is an examiner's statement of reasons for allowance: **[1]**

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

**Examiner Note:**
1. Do not use this form paragraph in reexamination proceedings, see form paragraph 22.16.
2. In bracket 1, provide a detailed statement of the reason(s) certain claim(s) have been indicated as being allowable or as containing allowable subject matter.

<

A statement may be sent to applicant with other communications, where appropriate, but should be clearly labeled as a "Statement of Reasons for Allowance" and contain the data indicated above.

Form paragraph 13.13.01 may be used to specify the reasons for indicating allowable subject matter in a communication prior to allowance.

¶ *13.03.01 Reasons for Indication of Allowable Subject Matter*

The following is a statement of reasons for the indication of allowable subject matter: **[1]**

**Examiner Note:**
1. This form paragraph is for use in an Office action prior to allowance of the application. Use form paragraph 13.03 in the Notice of Allowability.
2. In bracket 1, provide a detailed statement of the reason(s) certain claim(s) have been indicated as being allowable or as containing allowable subject matter.

## APPLICANT'S COMMENTS ON THE REASONS FOR ALLOWANCE

The examiner's statement of reasons for allowance is an important source of prosecution file history. See *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.,* 19 F.3d 1418, 30 USPQ2d 1285 (Fed. Cir. 1996). \*\* >The examiner's statement of reasons for allowance is the personal opinion of the examiner as to why the claims are allowable. The examiner's statement should not create an *estoppel*. Only applicant's statements should create an *estoppel*. The failure of applicant to comment on the examiner's statement of reasons for allowance should not be treated as acquiescence to the examiner's statement. Any inferences or presumption are to be determined on a case-by-case basis by a court reviewing the patent, the USPTO examining the patent in a reissue application or a reexamination proceeding, the Board of Patent Appeals and Interferences reviewing the patent in an interference proceeding, etc.< Applicant may set forth his or her position if he or she disagrees with the examiner's reasons for allowance.

Comments filed by the applicant on the examiner's statement of reasons for allowance, should preferably be submitted no later than the payment of the issue fee, to avoid processing delays. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance." Comments will be entered in the application file by the Office of Publication with an appropriate notation on the "Contents" list on the file wrapper.

The application file generally will not be returned to the examiner after the entry of such comments made by applicant on the examiner's statement of reasons for allowance. Therefore, the absence of an examiner's response to applicant's comments does not mean that the examiner agrees with or acquiesces in the reasoning of such comments. See 37 CFR 1.104(e). While the examiner may review and comment upon such a submission, the examiner has no obligation to do so.