IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTOLOGIX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 04-11783 (RWZ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR REMAINING CLAIM CONSTRUCTION AND PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT**

**REDACTED VERSION**

**COMPLETE COPY FILED UNDER SEAL**

Pursuant to Local Rule 56.1, Plaintiff CytoLogix Corporation ("CytoLogix") submits the following concise statement of material facts of record for which CytoLogix contends there is no genuine issue to be tried.

**REDACTED**

6.      Claims 1 and 2 of the '261 patent recite as follows:

      1.  A method of processing samples mounted on microscope slides comprising:
          placing two or more microscope slides on a platform;
          providing heating elements capable of heating said slides, said heating elements being under independent electronic control and thereby capable of heating some slides to a different temperature than other slides;
          moving the platform and a liquid dispenser relative to each other; dispensing liquid from the dispenser onto the slides;
          and on the platform, heating one slide to a different temperature than a second slide.

      2.  A method of processing samples mounted on microscopic slides as claimed in claim 1, wherein each heating element heats only one slide.

(Ex. A.)


7.      Claims 1, 4-6, and 10-12 of the '733 patent recite as follows:

      1.  A microscope slide stainer, comprising:
      a moving platform adapted to support a plurality of microscope slides bearing biologic samples;
      a plurality of heating elements, each heating at least one slide, the heating elements heating the slides to different temperatures;
      electronic circuitry that supplies variable amounts of electrical power to said heating elements, said electronic circuitry being mounted on the moving platform; and
      a user interface through which desired temperatures for microscope slides are specified, said user interface being mounted off of the moving platform and communicating data to said electronic circuitry on the moving platform to cause said electronic circuitry on the moving platform to supply electrical power to said heating elements to heat said heating elements to said desired temperatures.

      4.  A microscope slide stainer as claimed in claim 1, wherein said electronic circuitry comprises a shift register, which receives control data from the user interface.

      5.  A microscope slide stainer as claimed in claim 1, further comprising a temperature sensor for providing temperature feedback information.

      6.  A microscope stainer as claimed in claim 1 wherein each heating element heats a single slide.

      10.  An automated device for preparation or incubation of biologic samples, comprising:
      a moving platform adapted to support a plurality of biologic samples;

> a plurality of heaters positioned on the moving platform so as to provide heat to one or more samples;
> a processor that specifies the desired temperatures for the heaters, said processor being mounted off of the moving platform;
> independent heating control capable of heating the heaters to different temperatures, said heating control comprising:
> electronic circuitry mounted on the moving platform supplying electrical power to at least one heater; and
> a data communication link between the processor and said electronic circuitry mounted on the moving platform, through which said electronic circuitry receives data from the processor to cause said electronic circuitry to provide an appropriate amount of electrical power to each of said heaters to heat the heaters to the processor-specified temperatures.
>
> 11. An automated device, as claimed in claim 10, wherein the biologic samples are mounted on a microscope glass slide.
>
> 12. An automated device, as claimed in claim 10, further comprising a temperature sensor that provides temperature feedback information.

(Ex. B.)

**REDACTED**

14. The Court construed the phrase "moving the platform and a liquid dispenser relative to each other" in the '261 patent to mean "Moving both the moveable platform and a moveable liquid dispenser relative to each other."  (Doc. No. 64, at 7.)

15. In its Third Amended Responses to Interrogatory Nos. 3-6, served November 2006, Ventana stated as follows:

> Ventana contends that the phrase "moving the platform and a liquid dispenser relative to each other" should be construed to mean moving the platform relative to a liquid dispenser and also moving the liquid dispenser relative to the platform during automated processing of the slides.  This requires moving both the moveable platform and a moveable liquid dispenser relative to each other.  The movement must be roughly simultaneous and related.  The slide platform moves from a first position in which liquid is dispensed from a dispenser onto a first slide, to another position in which liquid is dispensed from that same dispenser onto a second slide."  (Ex. C, at 4-5.)

**REDACTED**

- 4 -

- 5 -

**REDACTED**

- 6 -

**REDACTED**

**REDACTED**

40.     In Case No. 01-10178, District of Massachusetts, the Court defined the claim term "user interface" in U.S. Patent No. 6,183,693 as follows:  "<u>User Interface</u>: the device(s) through which the user (operator of the instrument) inputs information into the instrument."  (Ex. H.)

**REDACTED**

- 8 -

**REDACTED**

- 9 -

**REDACTED**

Dated: September 27, 2007                    _____/s/ Michael E. Zeliger_____

                                             Michael E. Zeliger (BBO # 633654)
                                             David A. Simons (BBO # 638740)
                                             Jackson Ho (BBO# 663413)
                                             KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP
                                             State Street Financial Center
                                             One Lincoln Street
                                             Boston, MA 02111-2950
                                             Tel: (617) 261-3100
                                             *Attorneys for Plaintiff*
                                                *CytoLogix Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused the redacted version of the foregoing PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR REMAINING CLAIM CONSTRUCTION AND PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT to be served electronically on counsel of record by filing it with the CM/ECF system. I further certify that on this 27th day of September, 2007, I caused a copy of the unredacted version to be served by first class mail, postage prepaid, Defendant's counsel as follows:

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

                                               /s/ *David A. Simons*