**K&L | GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950

T  617.261.3100    www.klgates.com

October 5, 2007

Michael E. Zeliger
D  617.951.9153
F  617.261.3175
michael.zeliger@klgates.com

**BY CM/ECF**

The Honorable Rya W. Zobel
United States District Court District of
    Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way - Suite 6110
Boston, MA 02210

Re:    Cytologix Corp. v. Ventana Medical Systems, Inc., Civil Action No. 04-11783-RWZ

Dear Judge Zobel:

On October 3, Ventana filed a letter attaching a recent Federal Circuit decision, *Morrow v. Microsoft Corp.*, No. 2006-1512, Slip Op. (Fed. Cir. Sept. 19, 2007).  Ventana's letter states that this new decision "is highly relevant to issues relating to Ventana's pending motion to dismiss for lack of jurisdiction, Docket No. 73."  We respond briefly here.

*Morrow*, like every case cited by Ventana, concerns the standing of a *licensee* to sue, *not* the standing of the patent's legal title holder.  In *Morrow*, the plaintiff, GUCLT, was given rights to certain causes of action for patent infringement in a bankruptcy liquidation plan.  But GUCLT was *not* the legal title holder of the patent.  The patent's owner was AHLT.  (Slip Op., pp. 2-3, 8-9.)  The Court ruled that GUCLT, the licensee, did not having standing to sue. (Slip Op., p. 19.)

In the present case, CytoLogix is the *title holder* of the patents-in-suit and therefore, *Morrow*, is not particularly relevant.  The owner of a patent retains full authority to sue, unless and until it *assigns* title to the patent to another entity.  This right is given by statute.  See *Morrow*, Slip Op., pp. 10-11.  See also *Morrow*, Prost, J., dissenting, Slip Op., p. 2 (the "first category" of plaintiffs, those with power to sue *alone*, includes "*patentees and* holders of all substantial rights") (emphasis added).  Whether a *non* title holder has the power to sue is a more complex question, and is governed by the case law discussed in *Morrow*.

Thus, Ventana's Motion to Dismiss boils down to the following straightforward question: Has CytoLogix already granted *all substantial rights* to the patents-in-suit to Dako?  If the answer is yes, then the "License Agreement" with Dako was actually an assignment, Dako is

K&L|GATES

October 5, 2007
Page 2

now the title holder of the patents, and CytoLogix owns (substantially) nothing.  If, however, CytoLogix retained at least some substantial rights, then CytoLogix remains the patent's title holder, and retains standing to sue.

If the Court has any remaining questions about the Motion to Dismiss, we would be happy to appear for a Hearing.


Very truly yours,

*/s/ Michael E. Zeliger*

Michael E. Zeliger

cc (by CM/ECF):  Counsel of record