IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTOLOGIX CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No. 04-11783 (RWZ) |
| VENTANA MEDICAL SYSTEMS, INC., | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF CYTOLOGIX CORPORATION'S MOTION FOR RECONSIDERATION AND TO AMEND JUDGMENT

Plaintiff CytoLogix Corporation ("CytoLogix") respectfully moves the Court to reconsider its decision to grant Ventana Medical Systems, Inc.'s ("Ventana's") motion to dismiss the present action, as set forth in the Court's October 17, 2007 Memorandum of Decision and Order ("Order") (Dkt. No. 102). In light of the Court's errors in reaching its decision, for the reasons stated below and in CytoLogix's Opposition to Ventana's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 79), CytoLogix further moves the Court, pursuant to Fed. R. Civ. P. 59(e), to amend the Judgment entered on October 17, 2007 ("Judgment") (Dkt. No. 103) by withdrawing the same.

## ARGUMENT

The Court erred in concluding that CytoLogix had no substantial rights in the patents-in-suit and therefore had no standing to have brought this action against Ventana. The Court's error is founded on its failure to consider the key fact that CytoLogix is and at all relevant times has been the title owner of the patents, as well as failing fully to consider that (a) CytoLogix has the obligation to maintain the patents, (b) CytoLogix retains rights to enforce the patents and (c)

BOS-1135245 v2

CytoLogix specifically contracted with its licensee, DakoCytomation A/S ("Dako"), to retain the right to sue Ventana under the patents.

There is no question from the record in this case that CytoLogix is the title owner of the patents.[1]  This was made explicit in the agreement between CytoLogix and its assignee, Dako. Order at 6-7.  The Court, however, omitted this fact from the list of rights that CytoLogix retains on page 11 of the Order.[2]  At the very least, CytoLogix, the title owner of the patents, must be included in a suit to enforce the patents.  Ownership of title to the patent is fundamental to the issue of standing to sue for patent infringement: one seeking money damages for patent infringement, and thus one who is a patentee for purposes of 35 U.S.C. § 281, is one who holds legal title to the patent at the time of the infringement.  *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d1538, 1551 (Fed. Cir. 1995); *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995).

The Supreme Court's decision in *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1890), is controlling here (emphasis added):

> The patentee or his assigns may, by instrument in writing, assign, grant and convey, either, 1st, the whole patent, comprising the exclusive right to make, use and vend the invention through the United States; or, 2d, an undivided part or share of that exclusive right; or 3d, the exclusive right under the patent within and throughout a specified part of the United States. . . . *Any assignment or transfer, short of one of these, is a mere license*, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement.

---

[1] This is true irrespective of any obligation CytoLogix had to assign the patents at a later date.

[2] In fact, there is no question that CytoLogix owns the patents, and it was error for the Court to consider the "issue," starting on page 12 of the Order, whether CytoLogix's remaining rights "are adequate to maintain its status as owner of the Patents and allow it to bring suit for infringement."

*See also Western Elec. Co. v. Pacent Reproducer Corp.*, 42 F.3d 116, 119 (2d Cir. 1930) ("If the licensee is granted not only leave to make, use, and vend the invention, but also the right to exclude from the licensed field every one else, including the patent owner himself, the grant may amount to an assignment of an interest in the patent, entitling the licensee (assignee) to sue an infringer in his own name; if it is less inclusive, it remains a license."). In this case, CytoLogix retained title to the patents, rights to license the patents at least to Ventana and to use the inventions of the patents itself, and rights to sue Ventana and others under the patents. Order at 11. Thus, under *Waterman*, the *non-exclusive* license granted to Dako was a "mere license," and CytoLogix remained the patentee for purposes of bringing suit under the patents.

Significantly, CytoLogix had standing to sue Ventana as the title holder of the patents, even though CytoLogix had agreed to assign the patents to Dako at a future date. *IpVenture, Inc. v. Prostar Computer, Inc.*, No. 2006-1012,-1081, slip op. at 5 (Fed. Cir. Sept. 28, 2007) (party to whom agreement to assign was made did not have standing because no written assignment had been executed) (copy attached as Ex. A to Dec. of Michael E. Zeliger in Support of CytoLogix Corporation's Motion for Reconsideration and to Amend Judgment ("Zeliger Dec.")). At the time of filing suit, CytoLogix was the owner of the patent. *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007) ("[T]he agreement expressly provides that [licensor] Authentix is, and will continue to be, the owner of the patent."). Moreover, CytoLogix had the obligation to maintain the patents. *Id*. ("Authentix is responsible to 'maintain any . . . patents [it] owns or controls . . . .' The responsibility to maintain a patent is one of the obligations that has been recognized by this court as an indication that the party with that obligation has retained an ownership interest in the patent."). These facts show that CytoLogix retained a *substantial* interest in the patents.

Moreover, because CytoLogix retained substantial rights to enforce the patents, with respect to Ventana and others, it is the *only* party that could have brought the present suit. CytoLogix's contracted right to enforce the patents against Ventana is not trivial. CytoLogix's cause of action against Ventana is a protected property interest under the Fourteenth Amendment to the U.S. Constitution. *Tulsa Prof'l Collection Servs. v. Pope*, 485 U.S. 478, 485 (1988); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *see Pritchard v. Norton*, 106 U.S. 124, 132 (1882);

Here, CytoLogix retained the right to license the patents to Ventana without Dako's consent and to exploit the patents for its own purposes, including pursuing further patent applications (which was not inconsistent with CytoLogix's non-competition agreement with Dako). CytoLogix also retained the right to pursue potential infringers that Dako chooses not to pursue. Order at 9; *see Propat*, 473 F.3d at 1191 ("In addition, Authentix retains an economic interest in the patent and a substantial measure of control over decisions affecting the patent rights. . . . Nonetheless, the fact that Authentix retains a substantial share of the proceeds is consistent with Authentix's retaining ownership rights in the patent, while allocating to Propat the duty to provide licensing and enforcement services.").

Since CytoLogix retained rights to use, license and enforce the patents, at least with respect to Ventana, the rights granted to Dako amount to no more than a "mere license," rendering CytoLogix the patentee and the only party that could have brought suit against Ventana in this action. *Waterman*, 138 U.S. at 255; *see Abbott Labs.,* 47 F.3d at 1132 (Fed. Cir. 1995) (finding significant interests retained by the licensor including " a limited right to make, use, and sell products embodying the patented inventions" and "a right to bring suit on the patents if [licensee] declined to do so."). Moreover, properly finding that CytoLogix is the real

party in interest with standing to sue Ventana in this action would not subject Ventana to

multiple suits on the same patents.  Letters from Dako Denmark A/S to CytoLogix dated Sept. 4

& Oct. 9, 2007, Zeliger Dec. Exs. B & C (confirming that only CytoLogix has the right to bring

suit against Ventana for infringement of the patents-in-suit).  In the recent Federal Circuit

*IpVenture* opinion, the Federal Circuit states that District Courts should consider statements

written after suit is filed if those statements serve to remove uncertainty regarding the language

of an earlier assignment agreement. *IpVenture*, No. 2006-1012,-1081, slip op. at 5, Zeliger Dec.

Ex. A.

In light of all of these facts, CytoLogix can hardly be said to have assigned "all

substantial rights" in the patents to Dako.


**CONCLUSION**

For the foregoing reasons, CytoLogix respectfully requests that the Court reconsider its

decision rendered in the Order, and consequently alter the Judgment by withdrawing same and

reopening the action for further proceedings on the merits.


Dated: October 31, 2007                       /s/ Michael E. Zeliger
                                              Michael E. Zeliger (BBO # 633654)
                                              David A. Simons (BBO # 638740)
                                              Jackson Ho (BBO # 663413)
                                              **KIRKPATRICK & LOCKHART
                                                PRESTON GATES ELLIS LLP**
                                              State Street Financial Center
                                              One Lincoln Street
                                              Boston, MA  02111
                                              (617) 261-3100 Telephone
                                              (617) 261-3175 Facsimile
                                              *Attorneys for Plaintiff CytoLogix Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF CYTOLOGIX CORPORATION'S MOTION FOR RECONSIDERATION AND TO AMEND JUDGMENT to be served upon counsel of record this 31 day of October, 2007, by filing it with the Court's ECF system.

_____/s/ Jackson Ho_____