IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTOLOGIX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VENTANA MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 04-11783-RWZ |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION AND TO AMEND JUDGMENT**

Defendant Ventana Medical Systems, Inc. respectfully submits this memorandum in opposition to CytoLogix Corporation's Motion for Reconsideration and to Amend Judgment.

**I.    INTRODUCTION**

The parties had a full and fair opportunity to brief the issue of CytoLogix's standing to sue Ventana for infringement. Over the course of eight months, the parties filed multiple briefs and declarations, submitted supplemental evidence (*e.g.,* Docket Nos. 89 & 97), and commented on additional authorities (*e.g.*, Docket Nos. 99 & 100). The Court ultimately issued a thorough and well-reasoned Memorandum of Decision and Order (Docket No. 102) ("Opinion") that squarely addressed all arguments that were presented by the parties.

CytoLogix's motion is nothing more than an attempt to reargue points that it already raised and lost. They are no more persuasive in their retelling.

## II.     THE APPLICABLE STANDARDS

Reconsideration may be granted only under "exceptional circumstances." *Employers Ins. of Wausau v. First State Ins. Group*, 324 F. Supp. 2d 333, 338 (D. Mass. 2004). CytoLogix may not use reconsideration as an excuse to reargue its case:

> The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning.

*Davis v. Lehane*, 89 F. Supp. 2d 142, 149 (D. Mass. 2000) (citation omitted); *see also Ellis v. United States*, 313 F.3d 636, 647 (1st Cir. 2002) ("a party should be allowed his day in court, but going beyond that point deprives others of their days in court, squanders judicial resources, and breeds undue delay").

The standards for a motion to amend judgment under Rule 59(e) are similarly strict. Such motions "are aimed at *re*consideration, not initial consideration." *Fed. Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (citation omitted). "[T]he rule does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Zukowski v. St. Lukes Home Care Program*, 326 F.3d 278, 282 n.3 (1st Cir. 2003) (citation omitted).

## III.    RECONSIDERATION SHOULD BE DENIED

None of the arguments presented by CytoLogix's motion are new. CytoLogix merely reargues standing based on its alleged: (i) title to the patents; (ii) obligation to maintain the patents; (iii) right to enforce the patents; and (iv) right to license and sue Ventana. (Recons. Br.[1]

---

[1] "Recons. Br." refers to the Memorandum in Support of CytoLogix Corporation's Motion for Reconsideration and to Amend Judgment, filed October 31, 2007 (Docket No. 106).

at 1-2.) Each of these arguments has been previously advanced, fully briefed, and properly rejected by the Court.

Title to the patents. CytoLogix first points to its alleged title to the patents, and asserts that the Court "omitted this fact from the list of rights that CytoLogix retains on page 11 of the Order." (*Id.* at 2.) This myopic focus on "page 11 of the Order" misses the point. The Court repeatedly acknowledged the language of the agreements by which CytoLogix attempted to create the appearance of retaining title. (*See, e.g.*, Opinion at 6 (*ll*. 22-23), 7 (*l*. 21), 8 (*ll*. 10-11), 17 (*ll*. 19-20), 18 (*ll*. 21-22)).) The Court also repeatedly and correctly pointed out that such verbiage of ownership is not controlling.

"Even if the patentee does not transfer formal legal title, the patentee may effect a transfer of ownership for standing purposes if it conveys all substantial rights in the patent to the transferee." (Opinion at 5 (quoting *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007); *see also* Opinion at 8 n.6 ("It is the terms of the agreement that determine whether it is an assignment or a license of CytoLogix's intellectual property rights to Dako.").) Indeed, the very case that CytoLogix relies upon for reconsideration purposes, *Waterman v. Mackenzie*, 138 U.S. 252 (1891), recognizes that the parties' substantive rights trump the formality of title. There is no need to revisit *Waterman* on reconsideration, because the Court correctly applied this law the first time around: "Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions." (Opinion at 8 n.6 (quoting *Waterman*, 138 U.S. at 256).)

CytoLogix further argues that Dako held only a non-exclusive license. (Recons. Br. at 3.) Although the license calls itself nonexclusive, in the next breath it states that "CytoLogix 'may not grant any licenses for the exploitation of the Patents in any manner without the prior written consent of the LICENSEE." (Opinion at 8-9.) As the Court correctly recognized, the actual

-3-

terms of the agreements are what determine the issue of standing. (*Id.* at 8 n.6.) The terms of the agreements "effectively gives Dako, not CytoLogix, control of all other third-party licenses." (*Id.* at 17.) There is no need for the Court to revisit this issue.[2]

Obligation to maintain the patents. CytoLogix next argues that its alleged obligation to maintain the patents gives it standing, citing to a case (*Propat*) that was extensively examined by the Court in its opinion. (Recons. Br. at 3.) Like the issue of title, this argument also relies on form over substance. Dako must reimburse CytoLogix for all of its costs, may replace CytoLogix's patent counsel with one of its own choosing, and is entitled to tell CytoLogix what to do with respect to the maintenance and prosecution of the patents and related applications. (Opinion at 10.) After carefully considering this issue, the Court found that "Dako controls and pays for maintenance of the Patents, with CytoLogix acting as no more than its agent." (*Id.* at 18; *see also id.* at 11-12.)

Right to enforce the patents. CytoLogix argues that it has the contractual right to enforce the patents against Ventana. This argument was properly rejected by the Court. Dako, not CytoLogix, had the first right to sue for infringement – including to sue Ventana for infringement of the patents-in-suit.[3] (Opinion at 14-15.) Furthermore, even if Dako were to permit CytoLogix

---

[2] CytoLogix also argues that future assignment of title does not defeat standing. (Recons. Br. at 3.) This is not basis for reconsideration. The Court's opinion does not rely on the future assignment of rights. All substantial rights in the patents were *already* transferred to Dako in connection with the 2002 sale of assets, and consequently, CytoLogix "has no more rights than a non-exclusive licensee." (Opinion at 19.) Furthermore, the Court already fully considered the significance of CytoLogix's obligation to part with any remaining rights in the patents upon the conclusion of the Prior Litigation. (*Id.* at 12-14.)

[3] CytoLogix purported to retain rights related to the prosecution and settlement of the Prior Litigation. (Opinion at 6 (quoting Purchase Agreement at 1).) However, only the '061 and '693 patents were asserted in that litigation. The retention of litigation rights did not extend to the '261 and '733 patents asserted in the current case.

to proceed with a lawsuit, the agreements still "guarantee Dako significant involvement" where the case implicates the validity of the patents. (*Id.* at 15 & n.8.) Finally, a "right to sue" clause by itself is insufficient to confer standing to sue under the patent laws. *Propat*, 473 F.3d at 1192; *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995); *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1251-52 (E.D. Wash. 2004). Reconsideration is inappropriate because the alleged contractual right to sue was already fully considered by the Court. (Opinion at 14-16).

<u>Right to license and sue Ventana</u>.  CytoLogix's last argument is that it purportedly retained the right to license and sue Ventana. (Recons. Br. at 4.) This argument was already considered and properly rejected. The Court explained that "[t]he limited right to potentially license the opposing party in settlement of an existing (at the time of the asset sale), retained lawsuit is 'a minor derogation from the grant of rights.'" (Opinion at 17 (citation omitted).)

In order to address the specter of multiple lawsuits against Ventana, CytoLogix submitted two letters that purport to show that Dako does not intend to file a duplicative lawsuit. (Recons. Br. at 5.) This newly confected correspondence is too little, too late. First, this correspondence did not exist at the time CytoLogix filed its lawsuit. Thus, it cannot cure the standing defect, since "[s]tanding must be present at the time the suit is brought." (Opinion at 4 (quoting *Sicom Sys., Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).) Second, even if a nunc pro tunc assignment could cure the standing defect (and it cannot[4]), the correspondence is merely

---

[4] "[N]unc pro tunc assignments are not sufficient to confer retroactive standing…. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) (citation omitted). The *IpVenture* case cited by CytoLogix (Recons. Br. at 5) is not to the contrary. In *IpVenture*, the later document was merely confirmatory; it did not purport to confer any rights.

Dako's statement of its intention not to sue Ventana; it does not transfer any rights back to CytoLogix. Finally, just as a "right to sue" clause is ineffective to confer standing, a promise by another party to avoid duplicative litigation cannot cure a standing defect. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1381 (Fed. Cir. 2000).

## IV. CONCLUSION

For the foregoing reasons, Ventana respectfully requests the Court to deny CytoLogix's motion for reconsideration and to amend judgment.

Dated: November 13, 2007

VENTANA MEDICAL SYSTEMS, INC.

By its attorneys,

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Ron E. Shulman (*pro hac vice*)
Roger J. Chin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

-7-

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                            Roger J. Chin